472 P.2d 115

**BOARD OF PESTICIDE CONTROL of the State of Arizona, Petitioner,**

v.

**SWAN AVIATION, INC., an Arizona corporation, Ronald Swan, and the Honorable Jerry H. Glenn, Judge of the Superior Court of Maricopa County, Arizona, Respondents.**

**No. 1 CA–CIV 1404.**

Court of Appeals of Arizona, Division 1.

Department B.

July 16, 1970.

Rehearing Denied Sept. 23, 1970.

Gary K. Nelson, Atty. Gen., by Malcolm P. Strohson, Asst. Atty. Gen., Phoenix, for petitioner.

Karman & Brumage, by Howard H. Karman, Casa Grande, for respondents, Swan Aviation, Inc. and Ronald Swan.

EUBANK, Presiding Judge.

Petitioner, the Board of Pesticide Control of the State of Arizona, seeks relief by original special action from a judgment entered by the respondent Judge of the Superior Court which in effect held that the Board could not, by itself or one of its members, initiate a proceeding to revoke a license previously granted by the Board to an "applicator"[1] of pesticides. The compelling public interest in having the Board free to fulfill its statutory duties prompts us to accept jurisdiction and grant relief.

The Board of Pesticide Control and its broad powers and duties[2] are established by Title 3, Chapter 2, Article 6 of our statutes, A.R.S. § 3–371 et seq., as amended. One of the Board's duties is the licensing of pesticide applicators. A.R.S. §§ 3–377 and 3–379, as amended. A.R.S. § 3–382, as amended, provides that the Board may " * * * revoke or suspend a license * * * when, after a hearing as provided

by this article * * *", the Board is satisfied that a licensee has committed any one of the following seven enumerated acts declared to be in violation of the article:

"1. Operating in a faulty, careless or negligent manner.

"2. Refusing or neglecting to comply with the provisions of this article, rules and regulations issued hereunder or any lawful order of the board.

"3. Refusing or neglecting to keep and maintain the records required by this article, or to make reports when and as required.

"4. Making false or fraudulent records or reports.

"5. Operating equipment with incompetent or unqualified persons in charge thereof.

"6. Fraud or misrepresentation in making application for a license or for renewal of a license.

"7. Failure to comply with other provisions prescribed by this article and regulations established by the board."

As the Board concedes, the only detailed reference in the article to a mode of hearing is found in subsection B of A.R.S. § 3–386, as amended. "The hearing" for which the procedure is outlined in this subsection B seems to have reference to a "hearing" conducted pursuant to subsection A of the same statute, A.R.S. § 3–386. Subsection A reads as follows:

"A. Any person aggrieved by an application of pesticides by either ground equipment or aircraft may petition the board in writing setting forth the grievance, and if the board finds after a hearing that pesticides have been used in a negligent or wilfully negligent manner, the board may suspend for not to exceed six months the license of the operator or

---

1. An "applicator", as defined in subsection 2 of A.R.S. § 3–371, as amended, is "any person who owns, leases or rents or otherwise secures one or more pieces of ground equipment or aircraft in order to make a custom application of pesticides."

2. See, e. g., A.R.S. § 3–372, subsec. E, as amended, providing that "[t]he board shall make and enforce all rules, regulations and orders necessary to carry out the purposes of this article in order to regulate the sale and use of pesticides."

the permit of the person against whom complaint has been made."

Lynn H. Sharpe, a member and secretary of the Board of Pesticide Control, served a complaint upon the respondent Swan Aviation, Inc., a licensed applicator, and its designated agent and president, Ronald Swan. In the complaint, which was captioned "BEFORE THE BOARD OF PESTICIDE CONTROL * * *", Sharpe referred to his official position and stated that he was " * * * as such an aggrieved party * * *" The complaint alleged various facts in respect to an application of pesticides and charged Swan Aviation and its agent with violations of subsections 1, 2, 3, 4 and 7 of A.R.S. § 3–382. It terminated with a prayer that Swan Aviation's license be subject to suspension or revocation as a result of the violations.

Swan Aviation and Ronald Swan thereafter commenced a special action in the Superior Court seeking relief in the nature of prohibition against the Board on the asserted grounds that Sharpe in serving the complaint had necessarily acted pursuant to subsection A of § 3–386, and that he was neither as an individual nor as a member of the Board a "person aggrieved by an application of pesticides" within the meaning of that subsection. The trial judge agreed with this asserted position, as indicated by the following language in the judgment entered:

> "The respondent, BOARD, is not a 'person aggrieved' within the meaning of A.R.S. Sec. 3–386 and is, thus, not empowered under the provisions of that article to file a complaint by its member. Any hearing following a complaint filed by a member of the BOARD would not be 'a hearing as provided by this article' (A.R.S. Sec. 3–382). The lack of petition by a 'person aggrieved' constitutes a jurisdictional defect and the BOARD is powerless to proceed."

There was no contention made by the respondents before the trial court or here

of any failure to provide full procedural due process of law.

We think that the ruling of the trial judge is the result of an application of isolated portions of the legislation in question, and fails to take into account its basic beneficial thrust. By giving the Board control over the licensing of applicators (and other users of pesticides), the legislation seeks to *prevent* the very occurrences which would result in persons being aggrieved. We do not believe that the Legislature would explicitly grant to the Board plenary powers in licensing and license suspension and revocation and then leave revocation in limbo and make suspension depend upon the willingness of some private "person aggrieved" to prosecute a suspension proceeding. We believe that the clear legislative intent of the legislation is otherwise. As the Board points out, a person outside of the Board would never have occasion to know of the existence of many of the grounds upon which revocation or suspension might be predicated under § 3–382, such as whether an applicator had filed a required report or made a false report or a fraudulent statement in connection with an application to obtain a license.

There is no necessity for us to hold that the Board or one of its members is a "person aggrieved" within the meaning of § 3–386, subsec. A, and we consider Sharpe's allegation to that effect in his complaint mere surplusage. To so hold might seem to indicate that the Board, one of its members or one of its agents could never initiate a revocation proceeding and might seek or obtain suspension of a license only when pesticides had been used in a "negligent or wilfully negligent manner," which holding would deny effect to subsections 2 through 7 of § 3–382 insofar as they state grounds for suspension or revocation.

We hold that the power granted to the Board in § 3–382 to revoke licenses carries with it an implicit power to initiate a proper proceeding to that end. We further hold that the language " * * *

after a hearing as provided by this article * * * " in § 3–382 refers only to the general form of hearing as described in subsection B of § 3–386, and that one if not *the* intended effect of subsection A of § 3–386 is to confer upon a private "aggrieved" individual the right to prosecute a license suspension proceeding if, for one reason or another, the Board does not act.

We quote from Bandeen v. Howard, 299 S.W.2d 249 (Ky.1956), cert. denied, 355 U.S. 813, 78 S.Ct. 13, 2 L.Ed.2d 31 (1957), at page 251:

"[1, 2] Bandeen's challenge to the jurisdiction of the Board is bottomed upon the contention that it initiated the instant proceeding against him in its name, whereas it is maintained the correct mode of preferring charges against him was by the verified complaint of some individual. This position is untenable. There was nothing in the applicable statutes in effect in 1950 which prohibited the Board from instituting a revocation proceeding upon the basis of information received by it or by any member thereof. It is well established that in the absence of express statutory restraints an administrative agency may inaugurate investigations and hearings of the character under discussion on its own motion. This is one of the distinctive functions of such agencies which sets them apart from the courts. See 42 Am.Jur., Public Administrative Law, Sec. 31, p. 323; Federal Communications Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 60 S.Ct. 437, 84 L.Ed. 656, 662."

The issuance by this Court of a mandate herein will constitute an order vacating the judgment of the trial court in the special action commenced below.

DONOFRIO, J., concurs.

HENRY S. STEVENS, Judge (specially concurring).

I have some difficulty entertaining this special action in view of the language of Special Action Rule 8(a), 17 A.R.S. In the instant matter Swan Aviation was the plaintiff in a Superior Court special action and the Board of Pesticide Control of the State of Arizona was the defendant. The plaintiff prevailed in the Superior Court and the defendant in the Superior Court is the petitioner before this Court. The last sentence of Special Action Rule 8(a) is as follows:

"Where there is no equally plain, speedy, and adequate remedy by appeal, a judgment in a special action in a Superior Court may be reviewed by a special action directed against the original defendants."

To me this means that an unsuccessful Superior Court special action plaintiff may bring a special action in an appellate court but that an unsuccessful Superior Court special action defendant may not. The next preceding sentence in Special Action Rule 8(a) provides for appellate court acceleration of an appeal from a judgment entered in a Superior Court special action. I would not have assumed special action jurisdiction as I believe that the proper and adequate remedy is by appeal.

On the other hand, jurisdiction having been undertaken, I concur in the majority opinion.